IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Clifton Singletary, #217943, ) | |
| ) | C/A No. 0:09-401-MBS-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| State of South Carolina; ) | |
| Warden of Lee Correctional Institution, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

The petitioner, Clifton Singletary ("Singletary"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondents' motion for summary judgment. (Docket Entry 26.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 28.) Singletary responded by filing a document he entitled "motion to dismiss" (Docket Entry 31) to which the respondents filed a response in opposition (Docket Entry 32). These motions are now before the court for a Report and Recommendation.

## BACKGROUND

Singletary was indicted in August 1995 in Florence County for murder, possession of a firearm during commission of a violent crime, and discharging a firearm into a dwelling (95-GS-21-836). (Docket Entry 27-2 at 2.) Singletary was represented by W. James Hoffmeyer, Esquire, and from September 23-25, 1996, was tried by tried by a jury and found guilty of voluntary manslaughter

and possession of a firearm during commission of a violent crime.[1] (Docket Entry 27-8 at 13-14.) The circuit court sentenced Singletary to thirty years' imprisonment for voluntary manslaughter and five years' imprisonment for possession of a weapon during a violent crime, to be served consecutively. (Id. at 27-28.)

Singletary filed a direct appeal, in which he was represented by Joseph L Savitz, III, Deputy Chief Attorney of the South Carolina Office of Appellate Defense. On November 12, 1998, Savitz filed a Final Brief of Appellant. (Docket Entry 27-12.) The State filed its final brief on November 12, 1998. (Docket Entry 27-13.) In a *per curiam* opinion filed November 17, 1999, the South Carolina Supreme Court affirmed the decision of the lower court. (State v. Singletary, 99-MO-088 (S.C. Nov. 17, 1999), Docket Entry 27-14.) The remittitur was issued on January 5, 2000. (Docket Entry 27-15.)

On August 10, 2000, Singletary filed an application for post-conviction relief ("2000 PCR Action"). (See Singletary v. State of South Carolina, 00-CP-21-1234, Docket Entry 27-16.) Singletary later amended his PCR application. (Docket Entry 27-17.) The State filed a return. (Docket Entry 27-18.) On December 16, 2002, the PCR court held an evidentiary hearing at which Singletary appeared and was represented by Steven G. Mikell, Esquire. (Docket Entry 27-19.) At the hearing, Singletary, through counsel, made a motion to withdraw his PCR application. The PCR court granted Singletary's motion to withdraw his application and entered an order on December 18, 2002 dismissing Singletary's application with prejudice. (Docket Entry 27-20.)

Singletary filed a second PCR application on November 3, 2004 ("2004 PCR Action"). (See Singletary v. State of South Carolina, 04-CP-21-2008, Docket Entry 27-21.) In his 2004 PCR

---

[1] Singletary was found not guilty of discharging a firearm into a dwelling. (Docket Entry 27-8 at 14.)

application, Singletary alleged (1) ineffective assistance of PCR counsel for failure to file an appeal from the dismissal of his 2000 PCR Action, (2) Miranda rights violation by police officers at the county jail, and (3) review of his 2000 PCR Action pursuant to Austin v. State.[2] (Id. at 2, 6.) The State filed a return and motion to dismiss. (Docket Entry 27-22.) The PCR judge entered a conditional order of dismissal, which was filed on September 12, 2005, dismissing Singletary's 2004 PCR application as successive and time barred. (Docket Entry 27-23.) The PCR judge also found that, since Singletary voluntarily withdrew his 2000 PCR application, he could not establish that he was entitled to an Austin appeal. (Id. at 5-6.) On May 16, 2007, the PCR judge entered a final order denying Singletary's 2004 PCR application. (Docket Entry 27-24.)

On appeal, Singletary was represented by E. Hood Temple, Esquire. The South Carolina Supreme Court dismissed Singletary's appeal on August 13, 2007 due to Singletary's failure to provide written explanation as to why the lower court determination was improper, as required by Rule 227(c) of the South Carolina Appellate Court Rules. (Docket Entry 27-28.) Singletary's appeal was reinstated by South Carolina Supreme Court Order dated August 30, 2007 (Docket Entry 27-29) but was ultimately dismissed on September 6, 2007 for failure to show "an arguable basis for asserting that the determination by the lower court was improper." (Order of Dismissal, Docket Entry 27-30.) The remittitur was issued on September 24, 2007. (Docket Entry 27-31.)

---

[2]Austin v. State, 409 S.E.2d 395 (S.C. 1991). "Under Austin, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." Odom v. State, 523 S.E.2d 753 (S.C. 1999).

# FEDERAL HABEAS ISSUES

Singletary filed the instant petition for a writ of habeas corpus on February 12, 2009. (Docket Entry 1.) In his Petition, Singletary raises the following issues:

**Ground One:** The Court Lack Jurisdiction
**Supporting Facts:** The Court lack jurisdiction for failure to instate time, place within lan[gu]age of indictment: State v. Bullard, 348 S.C. 611, 560 S.E.2d 436. Gentry passed upon after conviction.

**Ground Two:** Prosecutorial Misconduct
**Supporting Facts:** The prosecutor never answered motion to turn over all physical evidence, etc, motions in general; also the prosecutor allowed witnesses to testify with no proof—subject word against theirs; 14 Amend. violations caselaw—Statements isn't proof.

**Ground Three:** The attorney didn't forward Rule 5 & 6 discovery until after trial.
**Supporting Facts:** The attorney didn't forward Rule 5 & 6 discovery until after trial in fact trickery by not forward discovery and wasted evidence during trial—ineffective;

**Ground Four:** To examine lower court errors raised in PCR and Appeal
**Supporting Facts:** Examine post-conviction arguments for review; especially Miranda violations and Appeal issues. Appeal counsel failed to file meritorious issues following hearing. Austin v. State, 305 S.C. 453, 409 S.E.2d 395.

(Docket Entry 1-2.)

# DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ

simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**C.     Statute of Limitations**

The respondents argue that Singletary's Petition is untimely under the one-year statutory deadline set forth in 28 U.S.C. § 2244(d)(1)(A). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Singletary filed a direct appeal with the South Carolina Supreme Court, his conviction became final ninety days after November 17, 1999, the date the South Carolina Supreme Court affirmed Singletary's conviction.[3] Thus, his conviction became final on February 15, 2000. Accordingly, the limitations period began to run on February 16, 2000 and expired on February 15, 2001, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating

---

[3]Because Singletary sought certiorari from the South Carolina Supreme Court, he is entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. See Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008); see also Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (holding that direct review concludes at the expiration of time for seeking certiorari from the United States Supreme Court); 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).

the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled"); United States v. Hurst, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (holding that one-year limitation period in AEDPA should be calculated using anniversary date method even when intervening period includes leap year).

Singletary filed his first state PCR application on August 10, 2000. At that point, 177 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations was tolled during the pendency of any of Singletary's PCR actions that were properly filed. The PCR court issued its order dismissing Singletary's 2000 PCR application on December 18, 2002. As no appeal was filed from this order, and viewing the dates in the light most favorable to Singletary, this decision became final on January 17, 2002—thirty days after the entry of the order—pursuant to Rule 203(b)(1), SCACR. At this time, Singletary had 188 days of statutory time remaining.

Although Singletary filed a second PCR application on November 3, 2004, this application did not toll the statute of limitations because the PCR court dismissed it as successive and time barred. Pace v. Diguglielmo, 544 U.S. 408 (2005) (holding that a state PCR application that is rejected by the state court as untimely is not "properly filed" within the meaning of § 2244(d)(2) and therefore does not entitle the petitioner to statutory tolling).

Singletary's federal Petition was filed on February 12, 2009. Houston v. Lack, 487 U.S. 266, 270-71 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court). As of the filing date of the federal Petition, 2,583 days of non-tolled time had run from the dismissal of the 2000 PCR action. Adding the 177 days that accrued between the date his conviction became final and the filing of the 2000 PCR application

results in a total of 2,760 days of non-tolled time. Accordingly, Singletary filed his federal habeas application approximately six and a half years after the expiration of the one-year limitations period under § 2244(d)(1)(A).

As stated above, in his response to the respondents' motion for summary judgment, Singletary submitted a document entitled "motion to dismiss." (Docket Entry 31.) In this filing, Singletary requests that the court dismiss and vacate his convictions; however, he does not appear to make any argument in response to the respondents' statute of limitations defense. (See generally id.)

## RECOMMENDATION

Based upon the foregoing, the court finds that Singletary's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondents' motion for summary judgment (Docket Entry 26) be granted. Additionally, the court recommends that Singletary's motion to dismiss (Docket Entry 31) be denied.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 6, 2009
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).